**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN and JEANNE WHALEN,

Plaintiff,

**v.**

UNITED FOOD AND COMMERCIAL WORKERS LOCAL 135,

Defendant.

CASE NO. 14-CV-3017 W (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 3] WITH LEAVE TO AMEND**

Pending before the Court is Defendant United Food and Commercial Workers Local 135's motion to dismiss the Complaint. Plaintiffs John and Jeanne Whalen oppose. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion [Doc. 3] **WITH LEAVE TO AMEND**.

## I. BACKGROUND

Plaintiffs John and Jeanne are accomplished muralists. (*Compl.* [Doc. 1], ¶¶ 4, 9.) They created a mural known as the "Providing The Feast," which was located on

Defendant's wall. (*Id.*, ¶¶ 4, 13.) Sometime in November 2013, Defendant ordered the mural removed without first providing notice to Plaintiffs. (*Id.*, ¶¶ 13–15.) As a result, the mural was destroyed and Plaintiffs were unable to "document the mural further" or "speak with the defendant about possibly restoring the mural, removing the mural or garnering support from the community for the mural." (*Id.*, ¶ 15.)

On December 29, 2014, Plaintiffs filed this lawsuit asserting causes of action for (1) violation of the Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A, (2) violation of the California Art Preservation Act ("CAPA"), Cal. Civ. Code § 987(c)(1), (3) conversion, and (4) negligence. Defendant now seeks to dismiss the Complaint on the ground that (1) Plaintiffs' state-law claims are preempted by VARA, and (2) Plaintiffs have failed to state a claim under VARA.

## II. STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short plain statement of the claim showing the that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286, (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. Plaintiffs' state-law causes of action are preempted

Defendant contends that Plaintiffs' causes of action for violation of CAPA, conversion, and negligence are preempted by VARA's preemption provision, which provides:

> On or after [June 1, 1991], all legal or equitable rights that are equivalent to any of the rights conferred by section 106A with respect to works of visual art to which the rights conferred by section 106A apply are governed exclusively by section 106A and section 113(d) and the provisions of this title relating to such sections. Thereafter, no person is entitled to any such right or equivalent right in any work of visual art under the common law or statutes of any State.

17 U.S.C. § 301(f)(1).

The Ninth Circuit uses a two-part test to determine whether a state-law claim is preempted by federal copyright law. Laws v. Sony Music Entertainment, Inc., 448 F. 3d 1134 (9th Cir. 2006). The first prong examines if the work in question falls within the scope of the Copyright Act—that is, whether it is an "original work of authorship fixed in any tangible medium of expression." Id. at 1137; 17 U.S.C.A. § 102. The second prong tests "whether the rights asserted under state law are equivalent to the rights contained in [federal copyright law.]" Id. at 1138.

Plaintiffs do not contest that "Providing the Feast" falls under the scope of the Copyright Act, and therefore satisfies the first prong of preemption. Rather, the issue

is whether Plaintiff's state-claims seek to protect rights that are already protected by VARA.

VARA sets forth the right of visual artists to:

> (A) . . . prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right, and
>
> (B) . . . prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.

17 U.S.C. § 106A(a)(3). These rights are referred to as the artist's "moral rights," and include the right of "integrity" and "attribution." Cort v. St. Paul Fire and Marine Ins. Companies, Inc., 311 F. 3d 979, 984 (9th Cir. 2002) (citing H.R. REP. NO. 101–514, at 5 (1990)).

Here, Plaintiffs' CAPA cause of action is based solely on the alleged violation of artistic integrity. Specifically, Plaintiffs allege that Defendant's destruction of the mural constituted a "violation of Plaintiffs' right of integrity, as set forth in Cal. Civ. Code § 987." (*Compl.* ¶ 26.) Because, as currently drafted, Plaintiffs' right asserted under the CAPA claim is the same right protected by VARA, the CAPA cause of action is preempted. Similarly, Plaintiff's negligence cause of action seeks to remedy alleged harm to Plaintiffs' "professional reputation." (*Id.*, ¶ 37.) Accordingly, this cause of action is also preempted by VARA.

With respect to Plaintiffs' conversion cause of action, it is not based on the alleged violation of Plaintiffs' moral rights, but instead on their "ownership or title rights" to the mural. (*Compl.*, ¶ 30.) However, Defendant cites authority for the proposition that state conversion claims are generally preempted by federal copyright law. See Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d at 1023–24, 1027 (holding that the plaintiff's federal copyright claim preempted his conversion claim because the unauthorized use of the plaintiff's photograph in a documentary "only interfere[d] with [his] intangible property right and [was] equivalent to a claim for copyright

infringement). See also Dielsi v. Falk, 916 F.Supp. 985, 987–93 (C.D. Cal. 1996) (holding that federal copyright law preempted the plaintiff's negligence claim—stemming from the "essential allegation" that the defendants plagiarized his television script—because the plaintiff "merely recharacterize[d] a copyright infringement claim as one for negligence").

Plaintiffs fail to address Defendant's authority. Nor do Plaintiffs cite any authority suggesting the conversion claim is not preempted. Accordingly, the Court finds the conversion claim is also preempted.

**B. Plaintiffs have stated a VARA cause of action.**

Defendant argues that Plaintiffs have failed to state a VARA cause of action because the "Complaint does not explain how the removal of the mural was or would be prejudicial to their honor or reputation; it simply states a legal conclusion to that effect." (*MTD* [3-1], 7:19–21.) Plaintiffs respond that such specificity is not required. The Court agrees.

As an initial matter, Defendant has not identified any case holding that in order to state a VARA cause of action, the plaintiff must specify how the removal of the mural would be prejudicial. (*See MTD*, 7:10–8:18.) For this reason alone, Defendant has not satisfied its burden of establishing that Plaintiffs failed to state a VARA claim.

Furthermore, there appear to be two formulations for stating a VARA cause of action. In Martin v. City of Indianapolis, 982 F. Supp. 625, 637 (S.D. Ind., 1997), the district court instructed that to state a vara claim, the plaintiff must allege (1) he or she was the authors (2) of a work of visual art (3) within the scope of VARA (4) that was of recognized stature, and (5) which was intentionally destroyed. Id. at 637, citing 17 U.S.C. § 106A(a)(3)(B). In Scott v. Dixon, 309 F. Supp. 2d 395, 400 (E.D.N.Y., 2004), the district court stated that a VARA claim required plaintiff to prove (1) the mural is a "work of recognized stature" and (2) the defendant destroyed the mural in an intentional or grossly negligent manner. Id. at 400, citing Carter v. Helmsley-Spear,

Inc., 861 F. Supp. 303, 325 (S.D.N.Y. 1994). Neither formulation requires a plaintiff to specify how the destruction of the "work of visual art" was prejudicial. Moreover, the Court agrees with Plaintiffs' contention that the Complaint alleges each of the essential elements of the claim. (*See Opp.* [Doc. 4], 6:16–23.) For these reasons, the Court finds Plaintiffs have alleged a VARA cause of action.

## III. CONCLUSION & ORDER

For all the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss [Doc. 3]. Plaintiffs, however, are granted **LEAVE TO AMEND** the CAPA and negligence causes of action to plead a violation of a property right.[1]

**IT IS SO ORDERED.**

DATED: August 5, 2015

Hon. Thomas J. Whelan
United States District Judge

[1] In allowing leave to amend, the Court is not suggesting that (1) CAPA protects property rights or (2) that CAPA and negligence claims seeking to remedy alleged property rights are not preempted. Neither party's briefs adequately addressed these issues.