# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE WHALEN and JOHN WHALEN,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS LOCAL 135; JWG CONSTRUCTION COMPANY, INC.,<br><br>    Defendant. | CASE NO. 14cv3017-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendant JWG Construction Company. (ECF No. 26).

**I. Background**

On December 29, 2014, Plaintiffs initiated this action by filing a complaint. (ECF No. 1). On February 5, 2015, Defendant United Food and Commercial Workers Local 135 ("UFCW") brought a motion to dismiss. (ECF No. 3). On August 5, 2015, the Court issued an Order granting in part and denying in part UFCW's motion to dismiss. (ECF No. 6).

On December 22, 2015, Plaintiffs filed a first amended complaint alleging four causes of action: (1) infringement of right of integrity in violation of the Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A, against United Food and Commercial Workers Local; (2) violation of Plaintiffs' right of integrity in violation of

the California Art Preservation Act ("CAPA"), Cal. Civ. Code § 987(c)(1) against JWG Construction ("JWG"); (3) conversion against JWG; and (4) negligence against JWG. (ECF No. 18).

On February 2, 2016, Defendant JWG filed a Motion to Dismiss. (ECF No. 26) on the ground that Plaintiffs' state-law claims are preempted by VARA. On February 22, 2016, Plaintiffs filed a response in opposition. (ECF NO. 28). On February 29, 2016, JWG filed a reply. (ECF No. 30).

**II. Allegations in the Complaint**

Plaintiffs, Jeanne and John Whelan, are "accomplished muralists and artists." (ECF No. 18 at ¶ 5). Plaintiffs "have been commissioned to and has [sic] created many public works of art . . . ." *Id*. at ¶ 12. In 1998, Plaintiffs were commissioned to create a mural known as "Providing the Feast," which was located on the UFCW Union Building in San Diego, CA. *Id*. "Plaintiffs did not relinquish their ownership or title rights" to the mural. *Id*. at ¶ 32.

"[S]ometime in November of 2013, UFCW Local 135 ordered that the 'Providing the Feast Mural' be removed from the UFCW Local 135's wall." *Id*. at ¶ 15. "Thereafter, UFCW Local 135 either ordered the murals destroyed, or was so grossly negligent in the care and protection of said murals that the murals were so severely damaged and destroyed." *Id*. JWG "remov[ed] and destroy[ed] the mural, without notice." *Id*. at ¶ 28. "UFCW Local 135 did not attempt to contact Jeanne or John Whelan, and the Whelans subsequently learned of the destruction of the 'Providing the Feast Mural' in early 2014." *Id*. at ¶ 16. "Because the mural was destroyed without notice, the Whelans were not able to document the mural further." *Id*. at ¶ 17. "Nor were they provided the opportunity to speak with UFCW Local 135 about possibly restoring the mural, removing the mural or garnering support from the community for the mural." *Id*. Plaintiffs believe that the mural "could have been removed from the building without substantial physical defacement, mutilation, alteration or destruction." *Id*. at ¶ 18.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## IV. Discussion

JWG contends that Plaintiffs' causes of action for violation of CAPA, conversion and negligence are preempted by VARA's preemption provision, 17 U.S.C. § 301. (ECF No. 26-1 at 2).

Plaintiffs contend that, pursuant to California Civil Code section 988(b), they have a "maintained ownership . . . interests in the mural" and that these rights are "not equivalent to any of the rights conferred by VARA." (ECF No. 28 at 5). Plaintiffs contend that their common law claims "arise out of violations of the plaintiffs' property rights, rights which are distinct from VARA's protections of their moral rights of integrity and attribution." *Id.*

### A. Legal Standard

"The purpose of VARA is to protect two 'moral rights' of artists–the rights of 'integrity' and 'attribution.'" *Cort v. St. Paul Fire & Marine Ins. Companies, Inc.*, 311 F.3d 979, 984 (9th Cir. 2002). Section 106A(a)(3) of VARA sets forth the rights of authors of visual works,

> (A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right, and
>
> (B) to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.

17 U.S.C. § 106A(a)(3). VARA's preemption provision provides,

> (1) [A]ll legal or equitable rights that are equivalent to any of the rights conferred by section 106A with respect to works of visual art to which the rights conferred by section 106A apply are governed exclusively by section 106A and section 113(d) and the provisions of this title relating to such sections. Thereafter, no person is entitled to any such right or equivalent right in any work of visual art under the common law or statutes of any State.
>
> (2) Nothing in paragraph (1) annuls or limits any rights or remedies under the common law or statutes of any State with respect to–
> (A) any cause of action from undertakings commenced before the effective date set forth in section 610(a) of the Visual Artists Rights Act of 1990;
> (B) activities violating legal or equitable rights that are not equivalent to

> any of the rights conferred by section 106A with respect to works of visual art; or
> (C) activities violating legal or equitable rights which extend beyond the life of the author.

17 U.S.C. § 301(f). The Ninth Circuit uses a two-part test to determine whether a state-law claim is preempted by federal copyrights laws. *Laws v. Sony Music Entm't*, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006). The first part determines whether the work in question falls within the scope of the Copyright Act–that is, whether it is an "original" work "of authorship fixed in any tangible medium of expression." *Id.*, *see* 17 U.S.C § 102. The second part tests "whether the rights asserted under state law are equivalent to the rights contained" in the federal copyright law. *Laws*, 448 F.3d at 1138.

### B. Plaintiffs' Claim under CAPA

Section 987(a) of CAPA states,

> The Legislature hereby finds and declares that the physical alteration or destruction of fine art, which is an expression of the artist's personality, is detrimental to the artist's reputation, and artists therefore have an interest in protecting their works of fine art against any alteration or destruction; and that there is also a public interest in preserving the integrity of cultural and artistic creations.

Cal. Civ. Code § 987(a).

In this case, Plaintiffs' second cause of action alleges that JWG violated "Plaintiffs' right of integrity, as set for in Cal. Civ. Code § 987." (ECF No. 18 at ¶ 28). Because the right of integrity asserted in Plaintiffs' CAPA claim falls within the scope of VARA, the CAPA cause of action is preempted. *See* 17 U.S.C. § 301(f). JWG's motion to dismiss Plaintiffs' second cause of action is granted.[1]

### C. Plaintiffs' Claims for Conversion and Negligence

"In California, conversion has three elements: ownership or right to possession of property, wrongful disposition of the property right[,] and damages." *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir.

---

[1] Plaintiffs "acknowledge that the complaint contains word processing errors" and request "leave to amend" to correct those errors. (ECF No. 28 at 10). JWG opposes. (ECF No. 29 at 3). Any motion for leave to file an amended complaint shall be filed in accordance with Civil Local Rule 15.1(b). *See also* Fed. R. Civ. P. 15.

1992).

Plaintiffs allege that they "did not relinquish their ownership or title rights to 'Providing the Feast Mural.'" (ECF No. 18 at ¶ 32). Plaintiffs allege that JWG "intentionally deprived" Plaintiffs of their ownership or title rights by "desecrating 'Providing the Feast Mural.'" *Id.* at ¶ 33. As alleged, Plaintiffs' property rights[2] are distinct from the moral rights that VARA protects. *Cf. Mktg. Info. Masters*, 552 F. Supp. 2d at 1098 ("As alleged, Plaintiff is not seeking the return of property, but damages for its use. The rights asserted in the conversion claim are the same as those protected by the Copyright Act. As such, the second prong of the test is met and the conversion claim is preempted."). Given VARA's specific language that VARA does not preempt "rights that are not equivalent to any of the rights" it confers, Plaintiffs have alleged facts that could support a claim for conversion. VARA does not preempt Plaintiffs' common law conversion and negligence claims which seek damages for the intentional deprivation of Plaintiffs' "ownership or title rights" to the mural.[3] *See* 17 U.S.C. § 301(f); *see also Mktg. Info. Masters, Inc. v. Bd. of Trustees of California State Univ. Sys.*, 552 F. Supp. 2d 1088, 1098 (S.D. Cal. 2008) ("While conversion is generally immune from preemption because it involves tangible property, conversion actions seeking only damages for reproduction of the property–not return of tangible property–are preempted by the Copyright Act."); *Ehat v. Tanner*, 780 F.2d 876, 878

---

[2] In their fourth cause of action for negligence, Plaintiffs allege that they "have lost all of their *property rights* in the 'Providing the Feast Mural,' and have suffered great harm to their *professional reputation*." (ECF No. 18 at 10 (emphases added)). Plaintiffs have stated a cause of action for negligence based on their "property rights." In so far as Plaintiffs are alleging a cause of action for negligence based on their "professional reputation," that part of the claim would be preempted by VARA. *See* 17 U.S.C. § 301(f); *Lubner v. City of Los Angeles*, 53 Cal. Rptr. 2d 24, 29 (Ct. App. 1996) (affirming the artist-plaintiffs' recovery of property damages for common law negligence, but holding that an artist may be preempted by VARA from recovering damages for loss of reputation from a "simple negligence" claim).

[3] In a prior order, the Court granted a motion to dismiss Plaintiffs' claim for conversion against Defendant UFCW. (ECF No. 6 at 5). The Court stated, "Plaintiffs fail to address Defendant's authority. Nor do Plaintiffs cite any authority suggesting the conversion claim is not preempted. Accordingly, the Court finds the conversion claim is also preempted." *Id.*

1  (10th Cir. 1985), *cert. denied*, 479 U.S. 820 (1986) (Plaintiff "did not allege a state law
2  claim of conversion to recover for the physical deprivation of his notes.  Instead, he
3  sought to recover for damage flowing from their reproduction and distribution.  Such
4  reproduction interferes with an intangible literary or artistic property right equivalent
5  to copyright."); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal.
6  2003) ("A conversion claim arising from the unauthorized reproduction and distribution
7  of a copyrighted work only interferes with the plaintiff's intangible property right and
8  is equivalent to a claim for copyright infringement.")

## V. Conclusion

IT IS HEREBY ORDERED that Defendant's motion to dismiss in granted in part and denied in part.  Defendant's motion to dismiss Plaintiffs' second cause of action is granted.  Defendant's motion to dismiss Plaintiffs' third and fourth causes of action is denied.

DATED: May 17, 2016

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge